### SAM MASSEY v. THE STATE.

*No. 3427.   Decided October 25.*

**1. Principal Offenders—Charge of the Court.**—See the opinion for the substance of the testimony of two witnesses for the defense *held* not to inculpate them as conscious participators in the crime, and therefore not to have authorized an instruction from the court upon the law of principal offenders.

**2. Theft—Evidence.**—The prosecution was for the theft of cattle branded S A, the property of Mrs. L. The defense was that Tom Crow owned certain cattle in that brand, and authorized the defendant to take up animals in that brand, to be subsequently paid for by him, or to be delivered to John Crow for the said Tom Crow. To support this defense the defendant offered to prove by Van Housier that a few days prior to the alleged theft the defendant asked the witness about cattle in the S A brand, and stated to him that he was gathering such cattle for Tom Crow; and by John Crow, that his brother, Tom Crow, told him, John Crow, that he had authorized the defendant to gather his S A cattle in Parker County. The proposed proof was properly excluded.

APPEAL from the District Court of Parker. Tried below before Hon. J. W. Patterson.

The conviction in this case was for the theft of two head of cattle, the property of Mrs. Lumbert. The penalty assessed by the verdict was a term of three years in the penitentiary.

The rulings of the court on this appeal do not demand a detailed statement of the facts proved on the trial. It is sufficient to state that the prosecution proved and the defense admitted the taking of the animals, and it was shown by the testimony, both for the State and the defense, that the animals were taken openly from a point within 100 yards of the residence of Mrs. Lumbert, and in the presence of Mrs. Lumbert's daughter Augusta, and driven off along the public road by the defendant and one Kirby and one Copeland. The proof showed the animals then to be the property of one Edwards, but in the care, control, and possession of Mrs. Lumbert. Subsequent to their recovery Mrs. Lumbert purchased

them from Edwards.    The record further shows that after his arrest for. the theft of these cattle the defendant sued Mrs. Lumbert in an action for the trial of the right of property.    The result of that suit is not disclosed by the record, but inferentially it terminated in favor of Mrs. Lumbert.    The proof throughout shows the animals taken to be the offspring. of a cow branded S A—the brand of Mrs. Alexander, the mother-in-law of Edwards.

The defense was fully disclosed in the testimony of the defendant in his own behalf.    He testified, in substance, that Tom Crow, of Palo Pinto County, told him that he, Crow, owned certain cattle branded S A, and that he had been informed that some of these cattle were in Parker County; that he, Crow, was then going on a cattle drive to Kansas, and that if he, defendant, would take up the animals in Parker County, he, Crow, would pay him for his trouble, or if he, defendant, preferred, he could keep such as he might find and pay him, Crow, therefor at the rate of $6 per head. Van Housier was present and heard this conversation.    On the day of the alleged theft, being at the house of Copeland's mother, in Parker County, in company with Kirby, he asked Kirby if he knew of any animals on the range in the S A brand.    Kirby told him that two cows in that brand and two unbranded heifers, the offspring of the said cows, had long ranged about the premises of Mrs. Lumbert, and had been regarded as estrays; that one of the cows had recently died, but that the other cow and the heifers were still on the range.    At witness's request Kirby, accompanied by Copeland, went that evening to point out the cow and heifers to the witness.    They found the two heifers within 100 yards of Mrs. Lumbert's house, but did not find the S A cow.    Witness hired Copeland to help him drive the two heifers to Edgings's pasture.    Miss Augusta Lumbert was standing within 75 yards of the witness and Copeland and saw them cut the heifers out of a bunch of cattle and drive them off, but she said nothing to them.

Other witnesses for the defense testified that to their knowledge Tom Crow, of Palo Pinto County, owned cattle branded S A; and expert stockmen testified that cattle — even cows with young calves — sometimes "drifted" or wandered long distances from their original ranges.

The opinion summarizes the testimony of the witnesses Kirby and Copeland.

*H. W. Kuteman,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

HURT, JUDGE.— This is a conviction for the theft of two head of cattle.

Frank Kirby, a witness called for the defendant, testified favorably for

him. In explaining his connection with the transaction he testified that defendant came to him and made inquiry as to the whereabouts of cattle in a certain brand—S A. He told defendant that a cow in that brand and two unmarked heifers were running at a certain place, and that they were considered estrays. He and the defendant and one George Copeland went to the place and found the two heifers. They did not find the cow in the S A brand, but the witness told defendant that the two heifers belonged to that cow. The witness declined to help defendant drive away the cattle because he had no suitable horse. Defendant then hired George Copeland, and the two drove the cattle away. The witness had nothing more to do with the cattle.

George Copeland, called for the defendant, testified favorably for him. His explanation of his own connection with the transaction agrees in all respects with that given by the witness Kirby. Up to the time he helped defendant drive the cattle he knew nothing about them—had never seen them. He, the witness, had been arrested and tried for the theft of the two heifers, and had been acquitted of that charge.

It should also be stated that the witness Kirby, above referred to, had been arrested for taking these cattle. The case against him had been terminated by entering a *nolle prosequi.*

In the general charge the court instructed the jury as follows:

"5. All persons are principals who are guilty of acting together in the commission of an offense. When an offense is actually committed by one or more persons, but others are present and, knowing the unlawful intent, aid by acts or encourage by words or gestures those actually engaged in the commission of the unlawful act, such persons so aiding or encouraging are principal offenders, and may be prosecuted and convicted as such."

A bill of exceptions was saved, which shows that the defense specially excepted to the charge "because the court charged upon the law of principal in section 5 when there was no evidence calling for such a charge, and was calculated to prejudice the jury against the defendant's witnesses Copeland and Kirby and discredit them, and was an indirect charge upon the credibility of the said witnesses."

This objection to the charge was again urged before the trial court in the motion for a new trial.

While the charge objected to was absolutely correct, there was no evidence demanding it, and under the facts attending this matter it was calculated to impress the jury that the witnesses Kirby and Copeland were connected criminally with the theft, and hence suspicion was cast upon their evidence. The charge being excepted to at the time, and there being no evidence requiring it, the judgment for this reason must be reversed.

The court did not err in excluding the testimony of Van Housier and Crow as set out in bills of exception Nos. 2 and 3.

Other questions presented will not be noticed as they are not likely to arise upon another trial. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.